# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**LEE SLOPPY,**

      **Plaintiff,**

**vs.**                               **Case No. 4:19cv13-RH-CAS**

**CENTURION OF FLORIDA, LLC,**
**DR. ANGEL ACEVEDO,**
**DR. ALEXIS ACOSTA-MARTINEZ,**
**and LYNN S. KING,**

      **Defendants.**
_____/

## <u>REPORT AND RECOMMENDATION</u>

Plaintiff, proceeding pro se and with in forma pauperis status, filed an amended civil rights complaint pursuant to 42 U.S.C. § 1983. ECF No. 5. The amended complaint was deemed sufficient for service, and service was directed on the four named Defendants in March 2019 by United States Magistrate Judge Hope Thai Cannon. ECF No. 12. Notably, Plaintiff's amended complaint [hereinafter "complaint"] also presents a claim against an unknown nurse practitioner. *See* ECF Nos. 5, 12.

After service, the four named Defendants filed a motion to dismiss the complaint, ECF No. 33, in May 2019.  Plaintiff filed a response to that motion, ECF No. 39, and Defendants were granted leave to file a reply.  ECF Nos. 40-42.  Thereafter, Plaintiff filed a sur-reply, ECF No. 45.  The motion is ready for a ruling.[1]

**Allegations of the Amended Complaint, ECF No. 5**

Plaintiff contends that he had previously been prescribed "sunblock medication from 2008 to 2018."  ECF No. 5 at 6.  However, in October 2018, an unknown nurse practitioner denied a renewal of his prescribed sunblock.  *Id.*  Plaintiff indicates that his request to renew the prescription was denied again in November 2018, and he was never given a "skin assessment" by either Defendant Acosta or Defendant Acosta when denied that preventative "medicine."  *Id.*  Plaintiff contends that his Eighth and Fourteenth Amendment rights to medical care have been violated and he seeks injunctive relief only.  *Id.* at 8.

---

[1]  Plaintiff also had requested permission to submit a news article as an exhibit to be considered as evidence when reviewing the motion to dismiss.  ECF No. 51.  The motion was denied and Plaintiff was advised that consideration of extrinsic documents was not appropriate.  ECF No. 52.  The Order explained that statements made in newspaper articles are generally inadmissible hearsay as it appeared that Plaintiff was offering the articles to prove the truth of the matter asserted.  *Id.*

**Standard of Review**

The issue on whether a complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failing to state a claim upon which relief can be granted is whether the plaintiff has alleged enough plausible facts to support the claim stated. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (retiring the standard from Conley v. Gibson, 355 U.S. 41, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting Twombly, 550 U.S. at 570, 127 S. Ct. 1955).[2] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 677 (citing Twombly, 550 U.S. at 556); *see also* Speaker v. U.S. Dep't of Health, 623 F.3d 1371, 1380 (11th Cir. 2010).

---

[2] A complaint's allegations must be accepted as true when ruling on a motion to dismiss, Oladeinde v. City of Birmingham, 963 F.2d 1481, 1485 (11th Cir. 1992), *cert. denied*, 113 S. Ct. 1586 (1993), and dismissal is not permissible because of "a judge's disbelief of a complaint's factual allegations." Twombly, 127 S. Ct. at 1965, (quoting Neitzke v. Williams, 490 U.S. 319, 327, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989)).

The pleading standard is not heightened, but flexible, in line with Rule 8's command to simply give fair notice to the defendant of the plaintiff's claim and the grounds upon which it rests.  Swierkiewicz v. Sorema, 534 U.S. 506, 122 S. Ct. 992, 998, 152 L. Ed. 2d 1 (2002) ("Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions.").  Pro se complaints are held to less stringent standards than those drafted by an attorney.  Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986) (citing Haines v. Kerner, 404 U.S. 519, 520-521, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972)).  Nevertheless, a complaint must provide sufficient notice of the claim and the grounds upon which it rests so that a "largely groundless claim" does not proceed through discovery and "take up the time of a number of other people . . . ."  Dura Pharmaceuticals, Inc. v. Broudo, 544 U.S. 336, 125 S. Ct. 1627, 161 L. Ed. 2d 577 (2005) (quoted in Twombly, 550 U.S. at 558).  The requirements of Rule 8 do "not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."  Iqbal, 556 U.S. at 678-79, 129 S. Ct. at 1949.  A complaint does not need detailed factual allegations to survive a motion to dismiss, but Rule 8 "demands more than an unadorned, the-defendant-unlawfully- harmed-me accusation."  556 U.S. at 678, 129 S.

Ct. at 1949.  "A pleading that offers 'labels and conclusions' or 'a formulaic

recitation of the elements of a cause of action will not do.'"  *Id.* (quoting

Twombly, 550 U.S. at 555).  Thus, "conclusory allegations, unwarranted

factual deductions or legal conclusions masquerading as facts will not prevent

dismissal."  Davila v. Delta Air Lines, Inc., 326 F.3d 1183, 1185 (11th Cir.

2003).

One additional principle bears highlighting: a motion to dismiss does not

test the truth of a complaint's factual allegations.  As noted above, factual

allegations, though not legal conclusions, must be "accepted as true,"

Ashcroft, 556 U.S. at 678, 129 S. Ct. at 1949, even when they are "doubtful in

fact."  Twombly, 550 U.S. at 555, 127 S. Ct. at 1965.  "Instead, it remains true,

after Twombly and Iqbal as before, that 'federal courts and litigants must rely

on summary judgment and control of discovery to weed out unmeritorious

claims sooner rather than later.'"  Leatherman v. Tarrant Cty. Narcotics

Intelligence & Coordination Unit, 507 U.S. 163, 168-69 (1993) (quoted in

Yawn v. Sec'y of Dep't of Corr., No. 5:13cv228-RH/EMT, 2017 WL 2691423,

at *1 (N.D. Fla. June 21, 2017)).

Additionally, the issue of whether a prisoner failed "to properly exhaust available administrative remedies under the PLRA should be treated as a matter in abatement." Bryant v. Rich, 530 F.3d 1368, 1374 (11th Cir. 2008) (cited in Turner v. Burnside, 541 F.3d 1077, 1082 (11th Cir. 2008)). Such a "defense is treated 'like a defense for lack of jurisdiction,' although it is not a jurisdictional matter." Bryant, 530 F.3d at 1374 (cited in Turner, 541 F.3d at 1082).

Ruling on a "motion to dismiss for failure to exhaust administrative remedies is a two-step process." Turner, 541 F.3d at 1082 (citation omitted). "First, the court looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's version of the facts as true." *Id.* "If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed." *Id.* (citing to Bryant, 530 F.3d at 1373-74). "If the complaint is not subject to dismissal at the first step, where the plaintiff's allegations are assumed to be true, the court then proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion."

Turner, 541 F.3d at 1082 (citing Bryant, 530 F.3d at 1373–74, 1376).[3]  The

burden of proof for evaluating an exhaustion defense rests with the defendant.

Jones v. Bock, 549 U.S. 199, 127 S.Ct. 910, 921, 166 L.Ed.2d 798 (2007)

("We conclude that failure to exhaust is an affirmative defense under the

PLRA, and that inmates are not required to specially plead or demonstrate

exhaustion in their complaints."); Turner, 541 F.3d at 1082-83.

**Analysis**

**1.    Exhaustion**

Defendants contend that Plaintiff failed to properly exhaust

administrative remedies because he did nothing more than submit an informal

grievance.  ECF No. 33 at 4.  Furthermore, Defendants assert that Plaintiff

did not file grievances which complained about the named "Defendants or

their alleged conduct."  *Id.*

Defendants provided a copy of an inmate request form that Plaintiff

submitted to "medical" in October 2014.  Ex. A (ECF No. 33-1 at 2).  There,

---

[3] "Where exhaustion . . . is treated as a matter in abatement and not an adjudication on the merits, it is proper for a judge to consider facts outside of the pleadings and to resolve factual disputes so long as the factual disputes do not decide the merits and the parties have sufficient opportunity to develop a record."  Bryant, 530 F.3d at 1376.

Plaintiff requested an advance directive or living will form.  He stated also that

he wanted to "prevent cancer" and stated his belief that he had the "right to

simply be supplied sunscreen for the term of his commitment and not be

charged . . . ."  *Id.*  The response advised Plaintiff to sign up for sick call for

which a co-pay was required.  Further, Plaintiff was informed that only "one

issue [would] be addressed per sick call visit at a time."  *Id.*

There was no indication on the response as to whether the grievance

was approved, denied, or returned.  The reason is because Plaintiff did not

check the box on the form indicating it was an "informal grievance."  *Id.*  Thus,

the document was construed only as an inmate request and it is insufficient to

show that Plaintiff exhausted administrative remedies.

However, Plaintiff also submitted an "informal grievance" on October 6,

2014.  *Id.* at 3.  Plaintiff properly checked the box to designate it as such, and

directed the grievance to "medical."  Plaintiff stated that on September 24,

2014, he had been "denied" preventative health care because the doctor told

him "they could not provide sunscreen to prevent skin cancer . . . ."  *Id.*

Plaintiff complained that he had no funds with which to purchase sunscreen,

that his skin pigment put him at risk for skin cancer, and he indicated a

possible hereditary "condition" existed on his "mother's side of the family." *Id.*

Once again, Plaintiff was informed that the issue had to "go through sick call"

and he was required to "sign up." Further, the response advised Plaintiff that

he had already been "assigned a hat on 9/24/14." *Id.*

The response to that grievance did not state whether it was approved,

denied, or rejected. ECF No. 33-1 at 3. Because Plaintiff was not provided

that which he sought, however, it must be presumed that the grievance was,

indeed, denied.

Nearly four years later, Plaintiff submitted another "inmate request" in

May 2018, which primarily concerned his blood pressure medication. ECF

No. 33-1 at 4. He also stated that he also needed other prescriptions refilled

such as sunscreen because of his "family history of" melanoma cancer. *Id.*

The response advised Plaintiff that a follow-up appointment had been

scheduled with the doctor. Again, because that was an inmate request and

not a "grievance," it does not demonstrate exhaustion.

Similarly, Defendants provided two more inmate request forms[4]

submitted by Plaintiff in June 2018.  ECF No. 33-1 at 5-6.  In both forms,

Plaintiff requested his "sunscreen prescription" be refilled.  Both responses

advised Plaintiff that he could "access sick call."  *Id.*

In response, Plaintiff states that in 2017 and 2018, he had been

prescribed sun screen by doctors while housed at Madison Correctional

Institution.  ECF No. 29 at 2.  In the middle of 2018, he said "staff refused to

renew prescription sunscreen."  *Id.*  Plaintiff said that he filed a formal

grievance in late 2018 which was denied by Assistant Warden Bearden.  *Id.* at

8.  He then timely filed an appeal which was denied by the Secretary's Office.

*Id.*

In reply to Plaintiff's response, Defendants point out that Plaintiff did not

submit copies of his grievances.  ECF No. 42 at 1.  However, Defendants

state that they "obtained additional grievance records for Plaintiff" and now

have found three more pertinent grievances.  *Id.* at 1-2.  Defendants note that

Plaintiff filed a June 15, 2018, appeal of the denial of his request for

---

[4] The inmate request form submitted on June 13, 2018, states that Plaintiff has "fair skin and no hat pass, and have [sic] family history of malonomia [sic] cancer documented in family history on mother side . . . ."  ECF No. 33-1 at 6.

prescription sun screen.  ECF No. 42 at 1.  That appeal was denied on July 2,

2018, noting that Plaintiff "had been instructed" that he needed to request sun

screen in a sick call visit.  *Id.*; *see* ECF No. 47 at 5.[5]  The appeal noted

Plaintiff had not submitted a sick call request.  *Id.*

Plaintiff then filed an appeal of that formal grievance which was received

on July 12, 2018.  ECF No. 47 at 6.  The response informed Plaintiff that his

issue had been reviewed and his medical records noted that he was seen by a

physician on July 9, 2018, and on July 24, 2018, and the sun screen "was

filled" on July 10, 2018.  *Id.* at 7.  Plaintiff's appeal was denied on August 30,

2018.

Although this grievance appeal would suggest that Plaintiff's issue had

been exhausted, that appeal was resolved prior to the specific event at issue

in this case.  Plaintiff's complaint concerns the denial of sun screen in

October and November of 2018.  *See* ECF No. 5.

Plaintiff did, however, file another "formal grievance" on October 28,

2018, concerning the denial of sun screen.  ECF No. 42 at 8.  Plaintiff said

that on October 18, 2018, an "unknown health care agent" refused to provide

---

[5] Defendants separately filed copies of the additional grievances under seal.  ECF No. 42.

him with the sun screen medication which he had been receiving over the past

ten years. *Id.* Plaintiff explained his need for sun screen and demonstrated

his inability to purchase it. *Id.* at 8-9, 11-13. Plaintiff requested his grievance

be granted and he be prescribed sun screen. *Id.* at 10. Plaintiff's formal

grievance was reviewed, but denied on November 7, 2018. *Id.* at 14. The

response noted that Plaintiff had an upcoming appointment and could discuss

his issue with sun screen at that time. *Id.* Plaintiff was advised that he could

"obtain further administrative review" of his complaint by submitting an appeal.

*Id.*

Defendant did not submit any evidence showing that Plaintiff filed an

appeal. Although Plaintiff did not submit "evidence" that he filed an appeal, he

stated in his sur-reply that he filed an appeal in December 2018 which was

denied in early February 2019. ECF No. 45 at 7. Plaintiff said that

Defendants have failed to acknowledged his December 2018 appeal. *Id.*

Under <u>Turner</u>, 541 F.3d at 1082, the Court must accept Plaintiff's

response as true when there is a conflict between Defendant's version of

facts and the Plaintiff's version. Here, accepting Plaintiff's version, he has

said that he exhausted administrative remedies. Considering that Defendants

did not present an accurate or full account of Plaintiff's exhaustion efforts in

the initial motion to dismiss, ECF No. 5, and that Plaintiff's sur-reply has not

been rebutted, ECF No. 45, it is accepted that Plaintiff exhausted

administrative remedies concerning his claim that he was denied sun screen

in October and November of 2018.  The motion to dismiss should be denied

as to this argument.

As an additional basis for dismissal, Defendants contend that Plaintiff

did not exhaust administrative remedies because he did not name them in his

grievances.  ECF No. 33 at 4-5.  Plaintiff said that he did name medical staff

in his grievances because "changes in staff employees and providers"

creates "confusion."  ECF No. 39 at 8.  He claims that his grievances put the

Department and individuals on notice of his claim.  *Id.* at 9.  He argues that he

did all the prison rules required and exhausted administrative remedies as to

his claim that he was denied proper medical care.  *Id.* at 10.

Prisoners are required to exhaust administrative remedies that are

"available."  Ross v. Blake, 136 S. Ct. 1850, 1855 (2016) (underscoring the

PLRA's "built-in exception to the exhaustion requirement: A prisoner need not

exhaust remedies if they are not 'available.'").  "Requiring exhaustion allows

prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court."  Jones v. Bock, 549 U.S. 199, 204-209, 127 S. Ct. 910, 914 (2007).  Courts must also ensure that an inmate "properly" exhausts administrative remedies and complies with the process set forth and established by the grievance procedures.  Woodford v. Ngo, 548 U.S. 81, 93, 126 S. Ct. 2378, 2387 (2006) (concluding that "proper exhaustion" means complying with the specific prison grievance requirements, not judicially imposed requirements); Miller v. Tanner, 196 F.3d 1190, 1193 (11th Cir. 1999).  There is nothing within the PLRA which "imposes a 'name all defendants' requirement." Jones, 549 U.S. at 217-219, 127 S. Ct. at 922-923 (concluding "that exhaustion is not *per se* inadequate simply because an individual later sued was not named in the grievances").

To determine "proper exhaustion" in prisoner civil rights actions, courts look to the requirements of the "prison grievance system."  Woodford, 548 U.S. at 95, 126 S. Ct. at 2388 (stating "[t]he benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance.").  "Compliance with prison grievance procedures,

therefore, is all that is required by the PLRA to 'properly exhaust.'" Jones,
549 U.S. at 218, 127 S. Ct. at 922-23.

Pursuant to the Department's rules and procedures governing inmate
grievances, inmates may file complaints regarding "[t]he substance,
interpretation, and application of rules and procedures of the department that
affect them personally." FLA. ADMIN. CODE R. 33-103.001(4)(a). Chapter 33-
103 requires an inmate to file an informal grievance, formal grievance, and
then an appeal to the Office of the Secretary. FLA. ADMIN. CODE R. 33-
103.007(1). The Department's procedures also provide time limits for filing
grievances, see FLA. ADMIN. CODE R. 33-103.011, and indicate that after
completing these steps, nothing further is required before initiating a lawsuit.
See FLA. ADMIN. CODE R. 33-103.011(4) (noting that expiration of time limits
"at any step in the process shall entitle the complainant to proceed to the next
step of the grievance process."). There is nothing within those rules,
however, which required Plaintiff to have named all the Defendants in his
grievance. Thus, Defendants' argument on this point should also be rejected
and the motion to dismiss denied. Plaintiff exhausted his administrative
remedies concerning his claim that he was denied sun screen.

## 2.    Constitutional Violation

Defendants also contend that Plaintiff's complaint should be dismissed

because he has not alleged a constitutional violation.  ECF No. 33 at 5-7.

Plaintiff claims that Defendants were deliberately indifferent to his needs by

denying him sun screen.  ECF No. 39 at 11.  He claims that he does not have

to suffer from a "life threatening" problem to have a "serious medical need."

*Id.*  He argues that he has a "serious medical need to prevent skin cancer"

and Defendants were deliberately indifferent to that need.  *Id.* at 13.

The Eighth Amendment governs the conditions under which convicted

prisoners are confined and the treatment they receive while in prison.  Farmer

v. Brennan, 511 U.S. 825, 832, 114 S. Ct. 1970 (1994).  The Eighth

Amendment guarantees that prisoners will not be "deprive[d] ... of the minimal

civilized measure of life's necessities."  Rhodes v. Chapman, 452 U.S. 337,

347, 101 S. Ct. 2392, 2399 (1981) (quoted in Chandler v. Crosby, 379 F.3d

1278, 1289 (11th Cir. 2004)).  "[B]asic human necessities include food,

clothing, shelter, sanitation, medical care, and personal safety."  Harris v.

Thigpen, 941 F.2d 1495, 1511 (11th Cir. 1991) (cited in Collins v. Homestead

Corr. Inst., 452 F.App'x 848, 850-851 (11th Cir. 2011)).  Deliberate

indifference to serious medical needs of prisoners violates the Eighth

Amendment's prohibition against cruel and unusual punishment.  Estelle v.

Gamble, 429 U.S. 97, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976).

"A serious medical need is 'one that has been diagnosed by a physician

as mandating treatment or one that is so obvious that even a lay person would

easily recognize the necessity for a doctor's attention."  Farrow v. West, 320

F.3d 1235, 1243 (11th Cir. 2003) (quotations omitted) (quoted in Bingham v.

Thomas, 654 F.3d 1171, 1176 (11th Cir. 2011)).  "In either of these

situations, the medical need must be 'one that, if left unattended, 'pos[es] a

substantial risk of serious harm.'"  Farrow, 320 F.3d at 1243 (citation omitted);

see also Mann v. Taser Intern., Inc., 588 F.3d 1291, 1307 (11th Cir. 2009).

Deliberate indifference requires more than negligence,[6] but it is unnecessary

to show a defendant intended to cause harm.  Farmer v. Brennan, 511 U.S.

825, 835, 114 S. Ct. 1970, 1978 (1994).  Deliberate indifference requires a

plaintiff to show that a defendant was subjectively reckless and consciously

disregarded a substantial risk of serious harm.  Wilson v. Seiter, 501 U.S.

---

[6] "Conduct that is more than mere negligence includes: (1) grossly inadequate
care; (2) a decision to take an easier but less efficacious course of treatment; and (3)
medical care that is so cursory as to amount to no treatment at all."  Bingham, 654 F.3d
at 1176 (citing Brown v. Johnson, 387 F.3d 1344, 1451 (11th Cir. 2004)).

294, 111 S. Ct. 2321, 115 L. Ed. 2d 271 (1991) (explained in Farmer, 511

U.S. at 838-40, 114 S. Ct. at 1979-80).  Put simply, Plaintiff must show: "an

objectively serious need, an objectively insufficient response to that need,

subjective awareness of facts signaling the need, and an actual inference of

required action from those facts."  Taylor v. Adams, 221 F.3d 1254 (11th Cir.

2000), cert. denied, 531 U.S. 1077 (2001); Farrow, 320 F.3d at 1243.

      In this case, Plaintiff did not allege either a serious medical need, nor did

he show that any Defendant acted with deliberate indifference.  Plaintiff's

complaint alleged only that he previously had been provided sunblock for ten

years.  ECF No. 5 at 6.  He did not allege that he had previously been

diagnosed with skin cancer, that he had a pre-existing condition, that he was

assigned to work outside in the sun for long periods of time, or that he had

been suffering from sunburns.  Plaintiff essentially argued only that he had a

"constitutional right" to preventative medicine "to prevent skin cancer and

avoid needless pain and suffering."  *Id.*   Thus, Plaintiff's allegations are

insufficient to show that he had a serious medical need.  Having fair skin and

a family history of skin cancer is not, in and of itself, a serious medical need

such that Plaintiff was entitled to be provided free sun screen.  That is

especially true in this case because Plaintiff's factual allegations do not reveal that he was required to spend large periods of time outside, that he could not get in the shade, wear long sleeves, or take other measures which would limit his sun exposure.  It appears that Plaintiff was provided a pass to wear a hat to minimize sun exposure.

There are also no factual allegations which reveal that any named Defendant was deliberately indifferent to a serious risk of harm to Plaintiff. Plaintiff's complaint did not provide specific allegations stating what each named Defendant did, or did not do, that Plaintiff believes violates his rights. He alleged only that the unknown nurse practitioner denied his request to renew the sun screen prescription.  ECF No. 5 at 6.  Without more, that is insufficient to state a claim.

As for Plaintiff's claim against the two Doctors, Plaintiff alleged only that he never saw the doctors and they did not perform a "skin assessment."  *Id.* Because Plaintiff's complaint did not allege facts showing that either of the doctors were treating Plaintiff, that they knew of a specific need for medical care, but refused to provide that care to Plaintiff, it is also insufficient to state a claim.

Case No. 4:19cv13-RH-CAS

Furthermore, there are no factual allegations which show the basis for any claim against Defendant King, identified by Plaintiff as "H.S.A." which, presumably, indicates Defendant King was the Health Services Administrator at Madison Correctional Institution.  ECF No. 5 at 2.  The complaint does not allege what Defendant King did or did not do and, thus, is insufficient to state a claim.

Finally, Plaintiff's complaint provided no factual allegations against Defendant Centurion of Florida either.  Plaintiff made one conclusory assertion that his medication was "denied by unlawful policys [sic]," but Plaintiff did not support such a claim by identifying a policy created and enforced by Centurion which denied him medical care.  Plaintiff's conclusory allegation is insufficient to provide a basis for a claim against Centurion.

In sum, Plaintiff did not allege facts which demonstrated that any Defendant had knowledge that Plaintiff faced a substantial risk of harm or was suffering, but disregarded that risk.  Plaintiff has a right to appropriate medical care, but "not 'every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment.'"  McElligott v. Foley, 182 F.3d 1248, 1254 (11th Cir. 1999) (quoted in Farrow, 320 F.3d at

1243).  Here, Plaintiff did not allege facts showing a sufficiently serious

medical need.  Thus, his claim for the denial of medical care is insufficient and

the motion to dismiss should be granted.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that Defendant's motion to dismiss,

ECF No. 33, be **GRANTED** because the amended complaint, ECF No. 5,

fails to state a claim upon which relief may be granted pursuant to 28 U.S.C. §

1915(e)(2), and that the Order adopting this Report and Recommendation

direct the Clerk of Court to note on the docket that this cause was dismissed

pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on January 22, 2020.


 S/     Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**



## <u>NOTICE TO THE PARTIES</u>

**Within fourteen (14) days after being served with a copy of this
Report and Recommendation, a party may serve and file specific written
objections to these proposed findings and recommendations.  Fed. R.**

Case No. 4:19cv13-RH-CAS

Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.