**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**


LEE SLOPPY,

       Plaintiff,

v.                             CASE NO.  4:19cv13-RH-CAS

CENTURION OF FLORIDA, LLC,
DR. ANGEL ACEVEDO,
DR. ALEXIS ACOSTA-MARTINEZ, and
LYNN S. KING,

       Defendants.

_____/


**ORDER DISMISSING THE AMENDED COMPLAINT IN PART**


      The plaintiff is a state prisoner who alleges he has fair skin, a family history

of melanoma, has been required while in prison to spend long periods in the sun at

work or during mandatory recreation, and has suffered sunburns. He alleges he was

prescribed sunblock by prison doctors for 10 years but has more recently been

denied sunblock or medical assessments of the need for it. He seeks an injunction

requiring the provision of sunblock and an appropriate medical assessment. He has

named as defendants Centurion of Florida—he alleges this is the prison medical

provider—as well as three named individuals and an unidentified nurse practitioner.

Centurion and the named individuals have moved to dismiss for failure to exhaust administrative remedies, lack of standing, and failure to state a claim on which relief can be granted. The motion is before the court on the magistrate judge's second report and recommendation, ECF No. 54, and the plaintiff's objections, ECF No. 58. I have reviewed de novo the issues raised by the objections.

Before turning to the substance of the motion to dismiss, a note is in order about the allegations properly before the court. The operative pleading is the amended complaint. But as the defendants themselves assert, the allegations in the plaintiff's grievances also may be considered, "because Plaintiff makes reference to alleged grievances in his Complaint and exhaustion of administrative remedies is mandatory." Defs.' Mot. to Dismiss, ECF No. 33 at 2 n.2. The grievances include allegations that the plaintiff has fair skin and a strong family history of melanoma, has been required to spend long periods in the sun at work or during mandatory recreation, and has suffered sunburns. *See, e.g.*, ECF No. 47 at 2-3, 6. Even if these allegations from the grievances could not properly be considered on the pending motion to dismiss, leave to amend the complaint to include these allegations would be proper.

As shown in the report and recommendation, the plaintiff adequately exhausted his administrative remedies. The plaintiff submitted and exhausted grievances contesting the failure to provide adequate screenings and sunblock. Prison authorities had abundant opportunities to address the plaintiff's allegations.

The defendants' assertion that the plaintiff lacks standing is unfounded. It is the plaintiff himself who asserts he has suffered, and will continue to suffer, pain and adverse health effects from unprotected sun exposure. The defendants' assertion that the plaintiff will not in fact suffer adverse effects goes to the merits—the assertion does not warrant dismissal for lack of standing.

To survive a motion to dismiss for failure to state a claim on which relief can be granted, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). For purposes of a motion to dismiss, the complaint's factual allegations, though not its legal conclusions, must be accepted as true. *Id.*; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A motion to dismiss is not the vehicle by which the truth of a plaintiff's factual allegations should be judged. Instead, it remains true, after *Twombly* and *Iqbal* as before, that "federal courts and litigants must rely on summary judgment and control of discovery to weed out unmeritorious claims sooner rather than

later." *Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168-69 (1993).

A prison official violates the Eighth Amendment when the official decides, for reasons unrelated to proper medical care, not to provide appropriate treatment for a serious medical need. *See, e.g.*, *Estelle v. Gamble*, 429 U.S. 97 (1976) (holding that a correctional official violates the Eighth Amendment when the official is deliberately indifferent to a prisoner's serious medical need). An employing entity like Centurion can be held liable if the refusal to provide appropriate treatment stems from the entity's policy. *See, e.g.*, *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978) (holding that a city is liable under § 1983 for an official's constitutional violation only if the violation was based on the city's policy or custom or if the official is one whose edicts or acts may fairly be said to represent official policy).

The defendants say the plaintiff's amended complaint must be dismissed because it does not adequately allege a serious medical need as required under *Gamble*. The assertion fails for two reasons. First, the amended complaint *does* allege a serious medical need, at least when construed liberally, as is proper for a pro se pleading. Second, exposure to adverse conditions can be unconstitutional on grounds separate and apart from the medical concerns addressed in *Gamble*. *See, e.g.*, *Hope v. Pelzer*, 536 U.S. 730 (2002) (holding that conditions including

prolonged sun exposure were unconstitutional); *Sanchez v. Fed. Prison Indus.*, No. 5:10cv288-RH/EMT (Dec. 6, 2012) ("Deliberately exposing an inmate to carcinogens can constitute cruel and unusual punishment in violation of the Eighth Amendment.") (citing *Powell v. Lennon*, 914 F.2d 1459 (11th Cir. 1990)); *cf. Lonergan v. Fla. Dep't of Corr.*, 623 F. App'x 990 (11th Cir. 2015) (rejecting the Eighth Amendment sun-exposure claim of a prisoner who was provided sunscreen, a hat, and long-sleeve shirts, but holding the prisoner stated a claim under the Americans with Disabilities Act by alleging he had a disability and that sun exposure interfered with his access to prison activities).

The defendants say the amended complaint must be dismissed because they did not act with deliberate indifference. But denying the plaintiff's request for sunblock was not an accident; someone did it on purpose. Or at least the plaintiff so alleges. If denying sunblock was unconstitutional, an injunction against an appropriate party will be an available remedy.

The defendants say the amended complaint does not adequately allege causation. It is a curious assertion. Anyone who lives in Florida knows where sunburns come from and why prudent individuals use sunblock.

Centurion notes that liability under 42 U.S.C. § 1983 cannot be imposed based on vicarious liability. Centurion says the amended complaint does not allege Centurion itself did anything at all. But at this stage of the proceeding, one cannot

know whether the plaintiff was denied sunblock by a rogue employee, as Centurion apparently suggests, or based on Centurion policy. The amended complaint cannot be dismissed on this basis.

This leaves for consideration the question whether the plaintiff has named the proper defendants. A proper defendant on an injunction claim of this kind is an official against whom an injunction can properly be entered if the plaintiff prevails on the merits. If the constitutional violation has been committed by a rogue employee with the capacity to do it again, that employee is a proper defendant; an injunction can preclude the employee from repeating the violation. If the constitutional violation has been committed as a matter of policy, an appropriate defendant is an entity, official, or employee who can be ordered to set it right going forward. That is sometimes a contracted medical provider like Centurion. It is sometimes a warden, doctor, or nurse.

The amended complaint alleges the defendant unknown nurse practitioner was the individual who blocked the plaintiff's request for sunblock and for a proper assessment. Read liberally, the amended complaint adequately states a claim for an injunction against the unknown nurse practitioner and Centurion. The amended complaint does not adequately allege personal involvement by the named individual defendants.

Finally, Centurion identifies itself in its motion as "Centurion of Florida, LLC." To its credit, Centurion does not seek dismissal based on the amended complaint's minor errors in listing its name. This order construes the amended complaint as properly identifying this defendant.

For these reasons,

IT IS ORDERED:

1. The report and recommendation is accepted in part and rejected in part.

2. The motion to dismiss, ECF No. 5, is granted in part and denied in part.

3. The claims against the defendants L. King, Dr. A. Acevedo, and Dr. Acosta are dismissed.

4. The amended complaint's references to "Centurion of Florida" and "Centurion Health of Florida" are deemed references to Centurion of Florida, LLC.

5. The claims against the defendants Centurion of Florida, LLC and Unknown Nurse Practitioner are not dismissed.

6. Centurion of Florida, LLC must file an answer by March 17, 2020.

7. I do *not* direct the entry of judgment under Federal Rule of Civil Procedure 54(b).

8. The case is remanded to the magistrate judge for further proceedings.

SO ORDERED on March 3, 2020.

s/Robert L. Hinkle_____
United States District Judge