IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


LEE SLOPPY,

    Plaintiff,

v.                                    CASE NO.  4:19cv13-RH-MJF

CENTURION OF FLORIDA,
LLC,

    Defendant.

_____/


## ORDER GRANTING SUMMARY JUDGMENT


The plaintiff Lee Sloppy is a state prisoner. He has fair skin and a family history of melanoma. In his amended complaint, he sought an injunction requiring the provision of sunblock and an appropriate medical assessment. He named as defendants Centurion of Florida—this is the prison medical provider—as well as three named individuals and an unknown nurse practitioner.

The claims against the named individuals were dismissed for failure to state a claim on which relief could be granted. Mr. Sloppy voluntarily dismissed his claims against the unknown nurse practitioner without prejudice. That left pending

Case No.  4:19cv13-RH-MJF

only the claims against Centurion, but judgment for the other defendants was not entered under Federal Rule of Civil Procedure 54(b).

Mr. Sloppy and Centurion filed cross-motions for summary judgment. The motions are before the court on the magistrate judge's report and recommendation, ECF No. 97, and the objections, ECF No. 98. I have reviewed de novo the issues raised by the objections. The recommendation is to grant Centurion's motion and deny Mr. Sloppy's.

On a summary-judgment motion, disputes in the evidence must be resolved, and all reasonable inferences from the evidence must be drawn, in favor of the nonmoving party. The moving party must show that, when the facts are so viewed, the moving party "is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A summary-judgment motion cannot be used to resolve in the moving party's favor a "genuine dispute as to any material fact." Fed. R. Civ. P. 56(a).

A prison healthcare provider violates the Eighth Amendment when the provider decides, for reasons other than medical judgment, not to provide appropriate treatment for a serious medical need. *See, e.g.*, *Estelle v. Gamble*, 429 U.S. 97 (1976) (holding that a correctional official violates the Eighth Amendment when the official is deliberately indifferent to a prisoner's serious medical need). An employing entity like Centurion can be held liable if the decision not to provide

appropriate treatment stems from the entity's policy or custom or if the decision is made by a person whose edicts or acts may fairly be said to represent official policy. *See, e.g.*, *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978) (adopting this standard for cities); *Brennan v. Headley*, 807 F. App'x 927, 937 (11th Cir. 2020) (applying this standard to an entity contracted to provide healthcare services in Florida prisons).

The record shows that Mr. Sloppy has been able to see medical providers and to request sunblock by following institutional procedures. At least one provider—apparently an advanced registered nurse practitioner—told him sunblock was available in the canteen. That does not help a prisoner who is unable to pay. But at least two other providers—one a physician—took a different view and prescribed sunblock. Indeed, a sunblock prescription is currently in effect. This does not render the case moot under the voluntary-cessation doctrine, but it does indicate Mr. Sloppy is incorrect when he says Centurion has a fixed policy against prescribing sunblock except for prisoners diagnosed with melanoma. As the report and recommendation correctly concludes, the record does not include evidence sufficient to support a contrary finding.

IT IS ORDERED:

1. The report and recommendation is accepted and adopted as the court's further opinion.

2. Centurion's summary-judgment motion, ECF No. 90, is granted.

3. Mr. Sloppy's summary-judgment motion, ECF No. 86, is denied.

4. The clerk must enter judgment stating, "The plaintiff Lee Sloppy's claims against the defendant unknown nurse practitioner are dismissed without prejudice. Mr. Sloppy's claims against all other defendants are dismissed with prejudice."

5. The clerk must close the file.

SO ORDERED on December 8, 2020.

                                         s/Robert L. Hinkle
                                         United States District Judge